IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOE BENTON ARMSTRONG, JR., )
)
      Plaintiff, )
)
   v. )   1:11CV285
)
DR. LIGHTSEY, )
)
      Defendant. )

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

  This case comes before the undersigned United States Magistrate Judge sua sponte. (See Docket Entry dated Dec. 14, 2011.) The case began when Plaintiff filed a Complaint under 28 U.S.C. § 1983 (Docket Entry 2), along with an Application for Leave to Proceed In Forma Pauperis (Docket Entry 1). In open court (with Plaintiff present) and in a written order (which the Clerk mailed to Plaintiff), the Court (per United States Magistrate Judge Wallace W. Dixon) denied Plaintiff's Application, but permitted Plaintiff to maintain the action by paying the filing fee in monthly installments. (See Docket Entries 8, 9, and dated July 28 and Aug. 2, 2011.) At that same proceeding and in that same written order, the Court directed Plaintiff to complete a summons form so the United States Marshal's Office could effect service. (See id.) Plaintiff returned the summons form to the Clerk, but the address Plaintiff provided was inadequate for service. (See Docket Entries 10, 11.) In addition, Plaintiff has failed to make

any of the monthly installment payments ordered by Magistrate Judge Dixon, to file a timely objection to the denial of pauper status and the requirement of installment payments, or to seek relief from the payment obligation due to changed circumstances. (See Docket Entries dated July 28, 2011, to present.)

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b). In this case, appellant failed to respond to a specific directive from the court." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Accordingly, the Court should dismiss this action.

In making that recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing an action based on a party's failure to comply with an order, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id. In this case, Plaintiff bears sole responsibility for the instant non-compliance, Plaintiff's non-compliance prejudices Defendant's right to prompt disposition of this case, Plaintiff has engaged in

an ongoing pattern of non-compliance, and no other sanction appears feasible or sufficient.

**IT IS THEREFORE RECOMMENDED** that the Court dismiss this action without prejudice.

                                        /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                                        **United States Magistrate Judge**

December 15, 2011